THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

| | | |
|---|---|---|
| THOMAS A. JACKSON, | ) | Case No. 2:10cv493 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER GRANTING |
| INDYMAC/ONEWEST BANK FSB; MERIDIAS CAPITAL, INC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-10, | ) ) ) | DEFENDANTS' MOTION TO DISMISS |
| Defendants. | ) | |

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## I. INTRODUCTION

This matter is before the court on the Defendants' Motion to Dismiss the pro se Complaint. The Defendants, OneWest Bank FSB ("One West") and Mortgage Electronic Registration Systems, Inc. ("MERS", collectively "Defendants") move to dismiss under Fed. R. Civ. P. 12(b)(6) for the failure to state a claim upon which relief can be granted. Jurisdiction is proper under 28 U.S.C. § 1331. Plaintiff Thomas A. Jackson ("Plaintiff") failed to respond to Defendant's Motion to Dismiss. Pursuant to DUCivR 7-1(d) and DUCivR 7-1(f), the court has elected to rule on the basis of the written memoranda of the parties and without the aid of oral argument. Now being fully advised and for the reasons stated below, the court enters the following Memorandum Opinion & Order, granting the Defendant's Motion to Dismiss and dismissing Plaintiff's Complaint with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges the following: on or about August 8, 2005, Plaintiff signed a Note in favor of Meridias Capital Inc. in the principal amount of $130,400.00 (the "Note") to acquire a property in West Valley City, Utah (the "Property"). Plaintiff also signed a Deed of Trust securing the Note which identified Meridias Capital Inc. as the Lender and First American Title as the Trustee. Plaintiff attached all relevant documentation to his complaint, and there is no dispute that August 8, 2005, is the date of the Note. Plaintiff alleges that Defendants are the successor and assignee to the Note that he signed in favor of Meridias Capital Inc. Plaintiff alleges that, at the time of execution of the Note, the Defendants failed to provide Plaintiff with any document informing him of his right of recession as was required by law.

On February 19, 2010, Plaintiff sent Defendants a Notice of Rescission and filed his Complaint in the Third Judicial District Court for Salt Lake County, State of Utah, before the Honorable Joseph Fratto. Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants removed the action to the United States District Court for the District of Utah. Plaintiff therefore seeks rescission of the Note, as allowed by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Defendants counter by averring that Plaintiff's rescission claims are time-barred and should therefore be dismissed.

## III. STANDARD OF REVIEW

Because Plaintiff is acting pro se, the court construes his Complaint liberally, but does not "act as his advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). The Tenth Circuit explained the following:

> this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

2

"This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997)).

When considering a motion under Rule 12(b)(6), the court assumes "the factual allegations are true and ask[s] whether it is plausible that the plaintiff is entitled to relief." *Gallagher*, 587 F.3d at 1068. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher*, 587 F.3d at 1068 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). Therefore, conclusory allegations are "not enough to withstand a motion to dismiss." *Id.* Thus, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not sufficient. *Iqbal*, 129 S.Ct. at 1948 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007)). Similarly, a complaint is not sufficient if it tenders only "naked assertion[s]" which are devoid of "further factual enhancement." *Id.*

### IV. DISCUSSION

#### A. Rescission

The operative statute, 15 U.S.C. § 1635(f), provides that if there is a violation of TILA, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." The United States Supreme Court has held that "section 1635(f) completely extinguishes the right of recession at the end of the 3 year period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998). In *Beach*, the Supreme Court held that 15 U.S.C. § 1635(f) is a statute of repose. *Id.* at 419. Other circuits ruling on this issue have held that since it is a statute of repose, when a claim is brought outside the three-year limitation period, the court is deprived of subject matter jurisdiction.

3

*Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002). In addition, appellate courts have also held that where it is clear that the borrower is unable to tender a return of the loaned funds, it is appropriate to deny rescission. *See American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003).

Since there is no dispute that August 8, 2005, is the date of the Note, any right Plaintiff may have had to rescind the Note under TILA unquestionably expired in August 2008. Because Plaintiff's Notice of Rescission and Complaint occurred in February 2010, both Plaintiff's Notice of Rescission and Plaintiff's action are untimely. In addition to Plaintiff's time-barred TILA claims, Plaintiff's failure and or inability to tender a return of money due under the Note is a further reason to dismiss his time-barred claims.

### B.  Lis Pendens and Relief

In addition to filing of the Plaintiff's Complaint, Plaintiff filed a lis pendens against the Property. Under Utah Code § 78B-6-1304(2), the court should order a release of the lis pendens if "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of notice." Since all of Plaintiff's claims are clearly time-barred, Plaintiff has not established a real property claim by a preponderance of the evidence.

### V. CONCLUSION

Accordingly, for reasons cited here and more fully argued in the Defendants' brief, the court finds:

1. Defendants' arguments as set forth in the Motion and accompanying memorandum are well- taken; and

4

2. Plaintiff's claims were not brought within the time allowed by the statute of limitations for Truth in Lending Act claims.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE on the merits, each party to bear their own costs; Plaintiff's lis pendens recorded February 19, 2010 as Entry 10900231, Book 9804, Page 9425-9426 in the records of the Salt Lake County Recorder on certain property which is situated in Salt Lake County, State of Utah, which property is more particularly described as:

> LOT 235, WESTWARD TERRACE SUBDIVISION NO.2, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE SALT LAKE COUNTY RECORDERS OFFICE. A.P.N. #: 14-36-280-009

is RELEASED in its entirety.

SO ORDERED.

DATED this 31st day of August, 2010.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT